UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARTIN DELACRUZ,  )
 )
           Plaintiff,  )
 )
vs.  )  Case No. 2:13-cv-252-WTL-WGH
 )
REGIONAL DIRECTOR, et al.,  )
 )
           Defendants.  )

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Martin Delacruz is a federal inmate currently in the custody of the Federal Bureau of Prisons ("BOP") in Tucson, Arizona. He brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), alleging that the defendants subjected him to excessive force and failed to protect him from harm while he was housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). Arguing that Mr. Delacruz failed to exhaust his available administrative remedies with respect to these claims, the defendants move to dismiss, or in the alternative, for summary judgment. Mr. Delacruz has not responded. The Court treats the motion as a motion for summary judgment and finds that the motion [dkt 34] must be **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and

draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Mr. Delacruz has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Mr. Delacruz has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The BOP has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete. An exception to the initial filing at the institutional level exists if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed

in danger if the request became known at the institution. 28 C.F.R. § 542.14(d). In this instance, the inmate may submit the initial request directly to the Regional Director ("sensitive BP-10"). The submission must contain the word "sensitive" on the envelope, and contain a written explanation of the inmate's reasoning for not following the normal course and filing initially at the institutional level. If the Regional Administrative Remedy Coordinator agrees the issue is sensitive, the request will be accepted, and processed accordingly. If the Regional Administrative Remedy Coordinator disagrees, the request will be rejected, the inmate will be advised of the rejection in writing, and the inmate will be directed to initiate his exhaustion efforts locally at the institutional level by filing a BP-9 with the Warden.

All codified BOP Program Statements are available for inmate access through the institution law library. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook which is available to inmates at their respective BOP facility.

Mr. Delacruz filed five remedy submissions on or before the filing of his complaint in this action. Four of those submissions do not relate to his incarceration at the FCC Terre Haute. The fifth remedy request, Administrative Remedy 741469-R1, was filed on the same date as the Complaint in this case, July 8, 2013, and raised staff misconduct issues. Mr. Delacruz filed this remedy directly at the Regional Office level claiming it was a "Sensitive" remedy filing. The Regional Office rejected this filing finding that it did not raise "Sensitive" issues. The rejection notice sent on July 9, 2013, instructed Mr. Delacruz to file his administrative remedy at the institution level. Mr. Delacruz mad no further remedy filings with respect to this remedy number.

Mr. Delacruz made four additional remedy submissions after his complaint was filed, three of which raise issues addressed in the Amended Complaint. On July 31, 2013, Mr. Delacruz filed remedy 744344-F1 at the institutional level claiming "Safety Concerns." This remedy was closed because Mr. Delacruz withdrew the request on August 30, 2013. Mr.

Delacruz made no further remedy filings with respect to this remedy number. On August 8, 2013, Mr. Delacruz filed remedy 745405-F1 at the institution level claiming "Transfer Issues." The request was rejected with the explanation that Mr. Delacruz did not properly submit the request through his counselor and did not seek informal resolution before submission. He was given 10 days to properly resubmit the remedy. He made no further remedy filings with respect to this remedy number. On September 3, 2013, Mr. Delacruz filed remedy 752192-F1 at the institution level claiming "Staff Allegations." This filing was closed on October 28, 2013, with explanation from the Warden. Mr. Delacruz made no further remedy filings with respect to this remedy number.

### III. Discussion

The defendants argue that Mr. Delacruz's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules

require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that Mr. Delacruz did not fully exhaust his available administrative remedies as required by the PLRA. Although he submitted several remedy requests, he did not see any of those requests through to completion. Mr. Delacruz has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Mr. Delacruz failed to exhaust his available administrative remedies with regard to his claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Delacruz's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendants' motion for summary judgment [dkt 34] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/28/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Martin DeLacruz
43128-048
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

All electronically registered counsel